FILED

MICHEAL TATE
#14176-014
FCI FORT DIX
P.O.BOX 7000
FORT DIX, NJ 08640

2005 JAN 14 A 9: 31
JAN 6 2005
U.S. DISTRICT COURT
BRIDGEPORT, CON'.

Defendant, In Propria Persona

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

MICHEAL TATE,                )   Dkt. No. 3:01CR98(SRU)
          Petitioner,        )   Civ. No. 3:01CV531(SRU)
                             )                03
vs.                          )   Hon. Stefan R. Underhill
                             )
UNITED STATES OF AMERICA,    )
          Respondent.        )
_____/ )

### MOTION FOR LEAVE TO AMEND §2255 PLEADING
### PURSUANT TO FED.R.CIV.PROC. RULE 15

Comes now, Micheal Tate, in pro-se; hereinafter referred
to as the "Petitioner"; whom is a layperson; unlearned and
unskilled in the law; unfamiliar with all the Federal Rules
of Civil Procedures; however, pursuant to the United States
Supreme Court's mandate announced in Haines v. Kerner, 404
U.S. 519 (1972); the Petitioner respectfully request that
this Honorable United States District Court excuse any mist-
akes and/or errors made within this Motion For Leave To
Amend §2255 Pleading Pursuant To Fed. R. Civ. Proc. Rule
15 due to the fact that the Petitioner is unable to present
to this Hon. Court a perfectly prepared pleading. In further
support of the Petitioner's he states the following:

1.) That the Petitioner has his initial §2255 motion

pending before this Hon. Court.See Dkt. No. 3:01CV531 (SRU).

2.) That subsequent to the filing of his initial §2255 motion, the United States Supreme Court decided a case in which directly affects the judgment entered in the instant case. See <u>Blakely v. Washington</u>, 124 S.Ct. 2531(2004).

3.) That although the (1)-year grace period issued pursuant to the AEDPA has past, according to Title 28 U.S.C. §2255 ¶6(3), an additional (1)-year period of limitations shall apply when the United States Supreme Court has announced a "newly recognized right".

4.) That The United States Supreme Court is in the process of issuing rulings in two (2) separate cases that will also directly affect the validity of the Petitioner's judgment, See <u>U.S. v. Booker</u>, --U.S.--, 2004 WL 1713654, (Dkt. No. 04-104); and <u>U.S. v. Fanfan</u>, --U.S.--, 2004 WL 1713655 (Dkt. No. 04-105) respectively; moreover, this circuit permits a defendant to file a motion to amend while an initial petition is still pending. See <u>U.S. v. Ching</u>, 298 F.3d 174 (2nd Cir. 2002).

5.) That the issue that the Petitioner wishes to include is:

### GROUND ONE

The District Court Violated The Petitioner's Sixth Amendment Right To A Trial By Jury And His Fifth Amendment Due Process Right When The Sentence It Imposed On Count Three (3) Exceeded The Applicable "Statutory Maximum" (i.e., The

Maximum Sentence permissible based on facts
Charged in The Indictment And Found By A Jury
To Have Been Proved Beyond A Reasonable Doubt.

### SUPPORTING FACTS

Title 18 U.S.C. §3553(b)(1) requires courts to impose
sentences within the applicable guideline range unless
"it finds" mitigating or aggravating facts "of a kind,
or to a degree, not adequately taken into consideration
by the sentencing commision..." Count three (3) charged
the Petitioner with Possessing With Intent To Distribute
a detectable amount of Cocaine Base. The maximum sentence
for an undetectable amount of Cocaine according to the
USSG §2D1.1(c)(7) is a base offense level of (12). Be-
cause the jury made no finding beyond a reasonable doubt
with respect to the Petitioner's criminal history, his
Criminal History Category is (I). Thereafter, the Pet-
itioner received two (2) departures in the amount of
three (3) points and seven (7) points respectively.
Therefore, the applicable sentencing range for count
three (3) was (0-6) months. No jury verdict supported
"any" increase in the Petitioner's sentence above six
(6) months, and the district court deciding to do so
violated the Petitioner's Sixth Amendment right to a
jury trial and his Fifth Amendment "Due Process" right.

6.) That the Petitioner's reasons for not addressing these

these issues previously is twofold. One, the Petitioner as-

serts that his counsel was ineffective, and two, the issues

presented herein are novel. More importantly, the Petitioner

moves this Hon. Court to hold its ruling on this matter in

abeyance and not require either of the parties to file  any

responses pending the outcome of the Supreme Court's decisions

in Booker and Fanfan supra, respectively.

Wherefore, for the foregoing reasons, the Petitioner

request that this Hon. Court:

a. Subsequent to the Supreme Court's mandate in Booker

and Fanfan supra, this Hon. Court shall issue "sua sponte"

3

issue a ruling vacating the Petitioner's sentence, and then order that he be immediatedly released due to the fact that he has already served more then the maximum sentence allowable pursuant to his offense of conviction; notwithstanding "supervised release".

b. Direct that an answer be filed pursuant to Fed. R. Gov. §2255 P.4(b); and then, after a hearing.

c. Vacate the Petitioner's sentence and resentence him.


I, Micheal Tate affirm under the penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

Micheal Tate In Pro-se.
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

## CERTIFICATE OF SERVICE

I, Micheal Tate declares under the penalty of perjury that I sent the original and two (2) copies of this motion to the Clerk of the Court, and one (1) copy to the AUSA, both on the __/__ day of January, 2005, both via FCI Fort Dix's institutional "Legal Mail.

Dated: January   , 2005

Micheal Tate In Pro-se
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, Nj 08640

4