MicheaL Tate
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

FILED

2005 MAR -4 P 1: 52

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Defendant, In Propria Persona

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHEAL TATE,  )
    Petitioner,  )  Crim. No. 3:01CR98(SRU)
                      )  Civ. No. 03CV531(SRU)
vs.  )
                      )  Hon. Stefan R. Underhill
UNITED STATES OF AMERICA,  )
    Respondent.  /)

PETITIONER'S TRAVERSE TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S REQUEST FOR IMMEDIATE RELEASE IN HIS
MOTION FOR LEAVE TO AMEND

Comes now, Micheal Tate, appearing in **Pro**-se; hereinafter referred to as the "Petitioner"; whom submits his Traverse in response to the government's response to his petition to be immediately released. The Petitioner asserts that the government has presented a number of arguments and/or cases that are distinguihable from his case; however, for the sake of brevity, the Petitioner will only address in this motion the argument relevant to his motion to be "immediately released". The Petitioner will address these arguments in full detail hereinafter.

First, the Petitioner asserts that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on habeas only if the defendant can first demonstrate both cause and actual prejudice, Murray v.

Carrier, 477 U.S. 478(1986); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). In the instant case, the Petitioner asserts that his claim is so novel that its legal basis was not reasonably available to counsel; therefore, that should constitute cause for his procedural default for failing to raise the issue of direct review, see <u>Reed v. Ross</u>, 468 U.S. 1(1984); Moreover, the extra time the Petitioner has served, and is continuing to serve constitutes severe prejudice. Due to the reasons stated above, the petitioner has demonstrated both cause and prejudice to proceed with his motion.

Now, in regards to the Petitioner's motion, he asserts that the government, in their response has conceded that they had no objection to the Petitioner amending his §2255 motion; and rightfully so, because this circuit has long held that district courts should freely give leave to amend complaints, see <u>Shapiro v. Cantor</u>, 123 F.3d 717(2nd Cir. 1997); however, the government in the case herein has submitted a lengthy memorandum in an attempt to mislead the Court by claiming that "even amended, the Petitioner's motion fails to state a claim". (Gov. Resp. at Pg. 1)(emphasis added) The Petitioner asserts that with regards to this case, nothing could be further from the truth.

In support of the government's argument that the Petitioner's amended petition should be summarily dismissed and his request for immediate release be denied they rely on both <u>Blakely v.</u>

-2-

Washinton, 124 S.Ct. 2531(2004); and United States v. Booker, 125 S.Ct. 738(2005); for the proposition that Blakely and its progeny do not apply to cases on collateral review.

The Petitioner asserts that the government's argument must fail for at least two (2) reasons. 1) While the Petitioner concedes that the Supreme Court has not yet decided whether the rules announced in Blakely and Booker supra, are to be applied retroactively to cases on collateral review; however, this Honorable Court has the authority to make that determination in the instant case, see United States v. Dodd, 365 F.3d 1273, 1278(11th Cir. 2004)(holding that "every circuit to consider this issue has held that a court other than the Supreme Court can make the retrocactivity decision for the purpose of initial 2255's")(emphasis added) It must be noted that this is the Petitioner's initial 2255 motion; moreover, 2.) Although both Blakely and Booker support the Petitioner's claim, he asserts that those are not the cases that he is principally relying on; but a fortiori, he is relying on the lonstanding principles announced by the Supreme Court in In re Winship, 397 U.S. 358. 363(1970)(holding that "The reasonable-doubt standard plays a vital role in the american scheme of criminal procedure. It is a prime instrument for reducing the risk of conviction resting on factual error")(citation omitted) (emphasis added).

In further support of the Petitioner's argument, he asserts

-3-

that he neither agrees nor believes that that the ruling announced in <u>Blakely</u> and it's progeny constitute s any "new rule". More importantly, Justice Stevens, of the United States Supreme Court admitted that "that rule is but a magnification of its <u>In re Winship</u>, 397 U.S. 358, 25 L.Ed.2d 368 rule "that the Constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which is charghed". <u>Booker</u>, Stevens, J. Slip Opinon at 5. It should also be noted that <u>Winship</u> was given complete retroactive effect, see <u>Ivan v. City of New York</u>, 407 U.S. 203(1972)(emphasis added). Due to the facts stated above, the Petitioner's claim claim was well within the accepted Constitutional law at the time of his conviction became final; therefore his lawyer at the time was ineffective for not raising the challenge, and retroactivity should not be an issue. (emphasis added)

The Petitioner is not unaware that this Honorable Court may not agree with him in regards to his argument on the issue of retroactivity; however, he asserts that even if that be the case, the Supreme Court's decision announced in <u>Schirro v. Summerlin</u>, 124 S.Ct. 2519(2004); still does not foreclose this Honorable Court from granting the Petitioner the relief he has requested. While the Petitioner does admit that the Supreme Court did conclude that the holding in <u>Ring v. Arizona</u>, 124 S.Ct.at 2526 was

-4-

procedural rather than substantive; however, the Petitioner disagrees with the government's suggestion that the Supreme Court's decision in Jones v. United States, 526 U.S. 227(1999); Apprendi v. New Jersey, 530 U.S. 466(2000); Blakely v. Washington,124 S.Ct. 2531(2004); and United States v. Booker, 125 S.Ct. 738(2005); are all procedural rather than substantive as well. (emphasis added)

A rulle is substantive for the present purpose, if it alters the range of conduct or the class of persons the law punishes; however, rules that regulate only the manner of determining the defendant's culpability are procedural, Schirro v. Summerlin, 124 S.Ct. at 2523(2004). It must be noted that new substantive rules generally apply retroactive, while new rules of procedure are generally not retroactive. The Supreme Court in Summerlin concluded that Rings holding was properly classified as procedural rather than substantive because it did not alter the range of conduct or class of persons subject to the death penalty in Arizona; instead, it merely changed the method of determining whether the defendant engaged in that conduct. See id, at 2523-24.

The Petitioner asserts that Apprendi and its progeny wasn't just some procedural ruling that "only" changed the method of determining whether the defendant engaged in certain conduct. Apprendi both altered the range of conduct and the class of persons the law punishes, (i.e. Apprendi clarified the fact that drug quantity and drug type were elements of the offense to be

-5-

charged in the indictment, and tried before a jury beyond a reasonable-doubt; <u>Blakely</u> clarified that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant; and <u>Booker</u> clarified that both <u>Apprendi</u> and <u>Blakely</u> applied to federal defendants; notwithstanding the fact that 18 U.S.C. §3553(b) was rendered unconstitutional".) For all the reasons stated above the Supreme Court's ruling in <u>Summerlin</u> is inopposite to the case herein; and therefore, <u>Apprendi</u> and its progeny must be declared as substantive instead of The Court merely clarifying it as being procedural. (emphasis added)

    The Petitioner asserts that the government; in their final attempt at trying to persuade this Honorable Court that <u>Apprendi</u> and it's progeny are are procedural rulings in stead of substantive, they ask this court to adopt this circuit's ruling in <u>Coleman v. United States</u>, 327 F.3d 77 (2nd Cir.), cert denied, 124 S.Ct. 840(2003); apparently for the proposition that <u>Apprendi</u> did not alter our understanding of the bedrock procedural elements essential to the fairness of those proceedings; and thereafter, the government went on to further allege that the district court might very well even have imposed the same sentence regardless of whether the guidelines were binding or advisory and even suggested that the district judge might impose a higher or lower sentence in light of <u>Booker's</u> wake, citing <u>United States v.</u>

Crosby, 2005 WL 240916 (2nd Cir. Feb 2, 2005)(Gov. Resp. at Pg. 11) The Petitioner will address these flawed arguments as well hereinafter.

First, the Coleman decision was decided when "every" circuit in the country had misunderstood and incorrectly decided how Apprendi was supposed to be applied, see Blakely v. Washington, 124 S.Ct. 2531(2004); more importantly, the Coleman court was incorrect to hold that Apprendi did not alter our understanding of he bedrock procedural elements essential to the fairness of those proceeding, see Francis v. Franklin, 471 U.S. 307, 322 n.8(1985) (where the Supreme Court referred to the governments burden to prove every element beyond a reasonable doubt as grounded in "bedrock due process principle")(emphasis added) It should also be noted that while it is true in regards to "any" case that The Court could have given the Petitioner the same sentence irregardless of the binding or advisory guidelines; however, that is very unlikely in the instant case due to the departures that the Petitioner received in the instant case; moreover, the Petitioner's sentence has become final; therefore, this Honorable Court would not be able to do anything other then take off the impermissible and unconstitutional enhancements applied in the instant case. (enphasis added).

Lastly, in regards to the argument that the Apprendi ruling is substantive and not merely procedural the Petitioner would

-7-

like to being an important fact to The Court's attention, in Blakely The Court admitted that "our commitment to Apprendi in this context reflect not just respect for longstanding precedent, but the need to give intelligent content to the right of jury trial. That right is no mere "procedural formality", but a fundamental reservation of power in our Constitutional structure". (citation omitted)(emphasis added) therefore, Summerlin is admittedly procedural; however, Apprendi and it's progeny admittedly is not. Therefore, it would be disingenuous for this Honorable Court, the government, nor anyone else to claim that Apprendi and it's progeny are procedural ruling to justify not granting the Petitioner the relief he's sought.

In closing, the Petitioner asserts that every argument he has made up until now has been based upon his understanding that Winship is controlling here, or that even if not, that the rulings made in Aprrendi and it's progeny are substantive instead of being merely procedural. The Petitioner now asserts that in the event that this Honorable Court were to reject all the above arguments made by him, and assert that Apprendi and it's progeny are in fact procedural, that he would still fit into the exception of Teague v. Lane, 489 U.S. 288(1989)(emphasis added)

In further support of that assertion the Petitioner asserts that the Supreme Court unanimously agreed that the Ring rule; and therefore Apprendi, involves fundamental fairness satisfying the

-8-

the first prong of <u>Teague's</u> second exception. See <u>Schirro</u>, WL 1402732 at *3(Scalia, J.); id. at *7-8 (Breyers, J., dissenting). Now it is encumbent upon this Honorable Court to admit that in light of <u>Francis v. Franklin</u> supra, the rules announce in <u>Apprendi</u> and it's progeny not only improve the accuracy of the trial proceedings, but also alter our understanding of the "bedrock procedural elements essential to the fairness of the proceedings". (emphasis added).

The Petitioner plead guilty to Count three (3) of his indictment which charged him with Possessing W/Intending To Distribute A Detectable Amount Of Cocaine Base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C); however, this Honorable Court; over the objection of the Petitioner, sentenced him for possessing "crack" cocaine; notwithstanding, being a "career offender". (emphasis added) The Petitioner asserts that these are "hallmark" <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> violations, and by the district court deciding the issues based upon the preponderance of the evidence standard constituted "clear error". In the instant case, the Petitioner did not get the deal that he bargained for, and for all the reasons stated above and more the Petitioner's sentence must be vacated, he be resenteced, and ordered that he be immediately released.

Wherefore, the Petitioner has a comprehensive and thorough argument that he is able and would like to present to this Hon-

orable court, and where the Petitioner does not possess the adequate time or resources to present his argument to this Court in it's entirety in this motion, he prays that this Honorable Court will provide him with an "evidentiary hearing"; and thenafter, vacate his sentence, order that he be resentenced, and then order that he be immediately released, in the interest of justice.

Respectfully Submitted,

_____
Micheal Tate In Pro-se.

### CERTIFICATE OF SERVICE

I, Micheal Tate, hereby affirm and declare under the penalty of perjury pursuant to 28 U.S.C. §1746 that on the __1st__ day of March, 2005, that I caused to be served my Traverse in respeonse to the government's response upon the Clerk of the Court, at 915 Lafayette BLVD, Room 309, Bridgeport, Connecticut, 06604. I also sent a copy to AUSA James J. Finnerty on that same day, both via, FCI Fort Dix "legal mail".

_____
Micheal Tate In Pro-se.
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Subscribed and sworn to by "me" on 1st day of March, 2005.

                                                                  *Micheal Tate*
                                                            Micheal Tate In Pro-se.
                                                            #14176-014
                                                            FCI Fort Dix
                                                            P.O. Box 7000
                                                            Fort Dix, NJ 08640

Subscribed and sworn to before me ___1ST___ day of March, 2005

                                                           *Walter Biederbeck*
                                                            Notary Public In and For

                                                            The State Of New Jersey
                                                                        WALTER T. BIEDERBECK
                                                           My Commission NOTARY PUBLIC OF NEW JERSEY
                                                                       MY COMMISSION EXPIRES FEB. 28, 2006