FILED

2005 APR 27 P 12: 39

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Micheal Tate
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHEAL TATE, | ) | Crim. No. 3:01CR98(SRU) |
| Petitioner, | ) | Civ. No. 03CV531(SRU) |
| | ) | |
| vs. | ) | Hon. Stefan R. Underhill |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## PETITIONER'S FORMAL OBJECTION TO GOVERNMENT'S NOTICE

Comes now, Micheal Taté, appearing in "**Pro-se**"; hereinafter referred to as the "Petitioner", whom is a layperson; unlearned and unskilled in the law; unfamiliar with all the Federal Rules of Civil Procedures; however, according to the United States Supreme Court's mandate announced in Haines v. Kerner, 404 U.S. 519(1972); the Petitioner humbly request that this Honorable Court excuse any mistake and/or errors made within this Petitioner's Formal Objection To Government's Notice due to that fact that he is unable to present to this Honorable Court a perfectly prepared pleading. In further support of the Petitioner's motion, he states the following:

   1.) That on or after January 1, 2005, the Petitioner submitted a motion requesting permission to amend his "pending"

§2255 motion in light of the "clarification" made by the United States Supreme Court in <u>United States v. Booker</u>, 125 S.Ct. 738(2005). The government responded to the motion, and then the Petitioner submitted his Traverse. The decision is now pending before this Honorable Court.

2.) That on April 19, 2005, the Petitioner received a "Notice" from the government requesting that this Honorable Court summarily dismissed the Petitioner's amended petition in light of a decision made by the Second Circuit in <u>Guzman v. United States</u>, Dkt. No. 03-2446-pr, decided April 8, 2005.

3.) That in the Petitioner's "Traverse", he specifically notified both the government and this Honorable Court that he was not solely relying on <u>Blakely v. Washington</u>, 124 S.Ct. 2531(2004); or <u>Booker</u> supra; for he was merely relying on those cases as a way to pass through the "gateway" of §2255 ¶6(3); but that the cases that he was really relying on all derived from the principles enunciated by the Supreme Court in <u>In re Winship</u>, 397 U.S. 358(1972); also see <u>Jones v. United States</u>, 526 U.S. 227(1999) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466(2000) respectively.

4.) That while the Petitioner has constantly explained in no uncertain terms that he is merely relying on <u>Booker</u> to pass throught the gateway of §2255¶6(3), if the government or this

-2-

Honorable Court continues to suggest that the Petitioner is soley relying on <u>Booker</u> in light of the above, then this Honorable Court must acknowledge that <u>Booker</u> was in fact a Guideline clarifying amendment.

5.) That it is well established in this circuit that "guideline clarifying amendments" are retroactive and can (must) be brought on first §2255's, see <u>United States v. Perez</u>, 129 F.3d 255, 259(2nd Cir. 1997). It must be noted that the rule of "stare decisis" prohibit s one panel of this circuit from overruling another panel's decision unless The Court goes (en banc), or a subsequent decision is overrule by the Supreme Court, (emphasis added); <u>Perez</u> supra is binding on this Court.

6.) That <u>Guzman</u> supra, does not invalidate the fact that clarifying guideline amendments are retroactive in the Second Circuit, and <u>Booker</u> announced a "clarifying guideline amendment", (emphasis added).

7.) That <u>Booker</u> and it's progeny presents some serious and important arguments for this Honorable Court to consider, as is apparent from the Petitioner's Traverse, and it would be disingenuous for this Honorable Court to attempt to avoid or evade these issues by not granting an "evidentiary hearing" and allowing the Petitioner to argue his issues on the merits

-3-

as opposed to just summarily dismissing the petition and ruling in favor of the government, see Rule 8(a) of The Rules Governing §2254 Cases.

Wherefore, for the reasons stated within, the Petitioner prays that this Honorable Court will grant an evidentiary hearing and then deny the government's request in their notice to summarily dismissed his pending §2255 petition, in the interest of justice.

Respectfully Submitted,

Micheal Tate In Pro-se.

### CERTIFICATE OF SERVICE

I, Micheal Tate hereby affirm and declare that on the 20th day of april, 2005, I caused to be served the original and two (2) copies of my Objection's to the government's notice upon the Clerk of The Court at, 915 Lafayette BLVD, Room 309, Bridgeport, Connecticut 06604. On the same day a copy was also sent to AUSA James J. Finnerty, both via FCI Fort's Dix's "legal mail".

Micheal Tate In Pro-se.
#14176-014
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640